# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ISLA MAPPING, LLC,

     Plaintiff,

     v.                                Case No.:  6:25-cv-00583-JSS-LHP

JOHNSON OUTDOORS
ELECTRONICS, INC.,

     Defendant,

_____

## ORDER

Before the Court is Plaintiff's Unopposed Motion to File Certain Exhibits to Its Appendix in Support of Dispositive and Daubert Motions Under Seal.  Doc. No. 39.  Defendant does not oppose.  *Id.* at 4.  Also before the Court is Defendant's Unopposed Motion for Leave to File Under Seal Pursuant to Local Rule 1.11 and Incorporated Memorandum of Law.  Doc. No. 41.  Plaintiff does not oppose.  *Id.* at 4.  On review, both motions (Doc. Nos. 39, 41) will be **DENIED without prejudice**.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11.  The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records.  *See, e.g., Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v.*

-1-

*Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).[1] "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)).

Here, both parties seek to file under seal several exhibits in support of motions for summary judgment and/or *Daubert* motions.   Doc. Nos. 39, 41.   But neither motion addresses all of the requirements of Local Rule 1.11(b), nor whether there are means other than sealing that would be appropriate.   *Id.*[2]   Both motions are also substantively deficient to support sealing.

---

[1] "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.   Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).   Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records.   *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

[2] Plaintiff's conclusory and unsupported statement that "no less-restrictive alternatives exist to sealing" is insufficient.   Doc. No. 39, at 3.

-2-

Plaintiff, for its part, seeks to file under seal an unredacted version of its motion for summary judgment and twelve (12) exhibits in its Appendix in Support of Dispositive and *Daubert* Motions.  Doc. No. 39.  But the motion is entirely conclusory and relies solely on the designation of the materials as "Confidential" or "Attorneys Eyes Only" under the parties' confidentiality agreement.  *Id.*  This is insufficient to support a motion to seal.  *See* Local Rule 1.11(a) ("Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.").  Notably, Plaintiff does not even describe what the exhibits are or what each one contains.  *See* Local Rule 1.11(b)(2), (3).[3]

Defendant, on the other hand, seeks to file under seal three (3) exhibits to its motion for summary judgment, "certain exhibits to which contain confidential and sensitive business information of both parties."  Doc. No. 41, at 1.  The motion discusses these exhibits generically, *cf.* Local Rule 1.11(b)(2), and broadly states that they contain sensitive and/or confidential information about the parties' products, such as financials, development processes, and business strategies.  *Id.* at 2–3.  Defendant provides no further explanation.  *Id.*    However, merely labeling the

---

[3] The motion is not clear on which party this confidential information belongs to because it is partially written in passive voice, Doc. No. 39, at 2, although at least in part, the information appears to belong to Defendant.  *See* Doc. No. 39, at 3 (referencing "documents designated by Defendant as Attorneys' Eyes Only").  As set forth below, the Court will provide Defendant an opportunity to file a memorandum in support of any renewed motion.  *See* Local Rule 1.11(c).

information at issue "confidential" does not make it so for purposes of a motion to seal.  *See* Local Rule 1.11(a).   And Defendant's explanation as to why its exhibits would properly be sealed is otherwise conclusory and unsupported.  *See, e.g., Rodriguez v. Magic Burgers, LLC*, No. 6:19-cv-1656-CEM-LRH, 2021 WL 3017528, at *2 (M.D. Fla. Mar. 24, 2021) (denying motion to seal in relation to summary judgment, stating: "The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness."); *Allstate Ins. Co. v. Auto Glass Am., LLC*, No. 6:18-cv-2184-Orl-41LRH, 2020 WL 6870755, at *3 (M.D. Fla. Oct. 22, 2020) (denying motion to seal summary judgment and *Daubert* materials for failure to demonstrate that the materials were subject to confidential treatment under governing law).

Accordingly, both motions (Doc. Nos. 39, 41) are **DENIED without prejudice** to refiling to address these issues and to provide legal authority supporting the requests.  It is **ORDERED** that within **seven (7) days** of this Order, the parties shall either file respective renewed motions to seal in full compliance with this Order and Local Rule 1.11, or they shall file the exhibits at issue on the public docket.  Should either party renew their motion, the nonmovant shall have **fourteen (14) days** thereafter to file a memorandum in support.  *See* Local Rule 1.11(c).

-4-

**DONE** and **ORDERED** in Orlando, Florida on July 7, 2026.

_____

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record